# THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re<br><br>BRYCE SITRLEN<br><br>Debtor. | Case No. 17-06666<br>Chapter 11<br><br>Bankruptcy Judge: Deborah L. Thorne<br>Case Filed: March 5, 2017 |
| DIMITRI KARRAS,<br><br>Adversary Plaintiff,<br><br>v.<br><br>BRYCE STIRLEN,<br><br>Adversary Defendant. | Adversary Case No.: 17-0424<br><br>Case Filed: August 11, 2017 |

**ADVERSARY PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED ADVERSARY COMPLAINT [ECF 64]**

Adversary Plaintiff Dimitri Karras ("Plaintiff") responds to Debtor-Defendant Bryce Stirlen's ("Defendant") motion to dismiss the Second Amended Adversary Complaint ("SAAC") as follows:

## I.   INTRODUCTION

Defendant seeks to dismiss (1) the one million dollar discount aspect of the first two counts of the first claim for relief, (2) the whole third count of the first

claim for relief regarding breach of contract, (3) the fifth count under the third claim for relief for wrongful termination , and (4) the whole fourth claim for relief under section 727 regarding denial of discharge. Plaintiff argues that these claims for relief are properly pled in the SAAC, and are supported by sufficient facts. As such, Defendant's motion should be denied for the reasons discussed below.

## II. STANDARD OF REVIEW ON MOTION TO DISMISS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* (2009) 556 U.S. 662 (quoting *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (quoting *Twombly.*, 550 U.S. at 556). In ruling on a motion to dismiss, the court must accept all well-pleaded facts as true and construe the allegations of the complaint in the light most favorable to the plaintiff. (*Tamayo v. Blagojevich* (7th Cir. 2008) 526 F.3d 1074, 1081.)

As the Seventh Circuit recently instructed:

In evaluating the sufficiency of the complaint, we construe it in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the nonmoving party's] favor. Although a

party need not plead detailed factual allegations to survive a motion to dismiss, mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Instead, [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

*Berger, et al. v. National Collegiate Athletic Association, et al.*, 843 F.3d 285, 289-90 (7th Cir. 2016) (citations and quotations omitted); see also *Konnerth v. Fugett (In re Fugett)* (Bankr.N.D.Ill. Mar. 16, 2017, Nos. 15 B 41034, 16A 196) 2017 Bankr. LEXIS 726, at *15.)

Dismissal is appropriate only if it is clear in the pleadings that no set of facts could be proven in support of the plaintiffs claims that would entitle him to the relief requested. *Panaras v. Liquid Carbonic Indus. Corp.* (7th Cir. 1996) 74 F.3d 786, 791.

### III. ARGUMENT

#### A. First Claim for Relief - Counts I-III for Exception to Discharge Pursuant to 11 U.S.C. § 523(a)(2)(A).

Defendant seeks to dismiss certain aspects under the first two counts for this claim for relief, specifically the allegations regarding the one million dollar discount discussed in Counts I and II, as well as the entirety of Count III for breach of contract. [Def. Memo pg. 5-6.] Plaintiff maintains that Defendant's fraudulent conduct and misrepresentations induced Plaintiff to agree to the *personal* receipt of

a 30% interest in the new business resulting from the sale of the Lycurgan, Inc. assets to Defendant in exchange for the discounted sale of those assets. In addition, Plaintiff argues that Defendant's tortious conduct, i.e. fraud, added the "something more" to his breach of contract with Plaintiff, thus supporting the allegations of exception to discharge for the breach of contract pursuant to section 523(a)(2)(A).

### 1. Counts I and II Regarding the $1MM Discount

Defendant contends that the reduction in sale price of Lycurgan, Inc.'s assets constituted a discount from Lycurgan, Inc.—i.e. that any reliance on Defendants' misrepresentations to induce the one million dollar discount was made by Lycurgan, Inc., not Plaintiff. [Def Memo pg. 3-4.] Defendant argues that because of this, all references to the discount should be dismissed as inapplicable to Plaintiff. [Def Memo pg. 3-4.] Defendant then applies this same reasoning for his request for dismissal regarding the discount identified in Count II of the SAAC. [Def. Memo pg. 4.] In support of his argument, Defendant states that "*Lycurgan* agreed for a reduction in the sales price from $3.1 million to $2.1 million based on promises of future conduct that failed to bear fruit. SAC ¶¶ 12-16." [Def. Memo pg. 3, emphasis in original.]

Defendant misses the point. Rather, Defendant promised *Plaintiff*, not Lycurgan, Inc., a 30% ownership interest in the new company if Defendant

received at 1 million dollar discount on the sale of the Ares Armor business from Lycurgan, Inc:

> 30. Defendant's false promises to transfer the 30% ownership interest induced Plaintiff to:
>     a. sign a three-year non-compete agreement;
>     b. reduce the purchase price of the business by one million dollars ($1,000,000);
>     c. accept contractual employment from Defendant; and
>     d. Agree, as majority shareholder, to approve the transaction.

[SAAC ¶ 30.]

As such, it was *Plaintiff's* reliance on Defendant's false statements and concealment of facts that prompted the discounted purchase price. [See SAAC ¶ 22-58.] Further, it is implied that the sale of a whole business includes the sale of the individual shareholders' stock, as occurred with Plaintiff's sale of his interests in Ares Amor. The one million dollar discount on the purchase price of the assets is indicative of the value of that stock, as the exchange for the discount was for the 30% interest in the new company that Defendant never transferred. [SAAC ¶ 38, 52.]

The California Supreme Court has held that where an employer uses misrepresentations to induce a party to change employment when the objective could not have been achieved truthfully, and the party is left in worse circumstances than those in which he would have found himself had he not been

lied to, he has a claim for promissory fraud or fraud in the inducement. (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638-643.) In *Lazar*, the court addressed the issue of intentional misrepresentations made to induce employment:

> [W]e expressly left open in *Hunter*[1] the possibility 'that a misrepresentation not aimed at effecting termination of employment, but instead designed to induce the employee to alter detrimentally his or her position in some other respect, <u>might form a basis for a valid fraud claim even in the context of a wrongful termination</u>.'

(*Lazar* at 640, emphasis added.)

Defendant made false promises and concealed facts which induced Plaintiff to accept employment from Defendant. [SAAC ¶ 23-58.] Plaintiff would not have reasonably accepted the employment or signed the non-compete clause, let alone sell his interests in the Ares Armor assets to Defendant if Plaintiff knew that Defendant was not able to perform on his promise to transfer the 30% ownership interest to Plaintiff. [*Id.*]

> Fraud in the inducement of a contract is a defense which renders the contract voidable at the election of the innocent party. *Tower Investors, LLC v. III East Chestnut Consultants, Inc.*, 371 Ill.App.3d 1019, 1030, 309 Ill.Dec 686, 864 N.E.2d 927, 939 (2007). The perpetrator of the fraud cannot enforce a voidable contract and the innocent party may either seek to rescind the contract or choose to waive the defect, ratify the contract, and enforce it. *Id.* The party seeking to establish fraud in the inducement of a contract must establish that there was: (1) a representation in the form of a material fact; (2) known or believed to be

---

[1] *Hunter v. Up-Right, Inc.* (1993) 6 Cal.4th 1174.

> false by the party making it, but reasonably believed to be true by the other party; (3) made for the purpose of inducing the other party to act; and (4) relied upon by the party to whom it was made to his detriment. Id. The omission or concealment of a material fact when one has the opportunity and duty to speak may also amount to a fraudulent misrepresentation. *Havoco of America, Ltd. v. Sumitomo Corp. of America*, 971 F.2d 1332, 1341 (7th Cir. 1992). "Intent to defraud is a question of fact, which may be proved by circumstantial evidence and inferred from the facts and circumstances surrounding the transaction." *People v. Aguilar*, 366 Ill.App.3d 341, 344, 303 Ill.Dec. 610, 851 N.E.2d 797 (2006).

(*James v. Cadillac Co. (In re James)* (Bankr.N.D.Ill. Mar. 3, 2010, Nos. 08 B 17044, 08 A 01018) 2010 Bankr. LEXIS 713, at *21-22.)

As discussed in this section, Plaintiff has sufficiently alleged that Defendant (1) made a representation of a material fact (i.e. promise of the 30% when his loan financing the purchase would not allow that), (2) he knew it to be false because he had already signed the agreement with the loan company before the sale of the Ares Armor assets [SAAC ¶ 36, 44, 56]; (3) he intended for his promise of the 30% interest transfer to induce Plaintiff to accept the purchase offer of his interest in the Ares Armor assets, employment with Defendant, and sign a non-compete agreement [SAAC ¶ 36, 50]; and (4) Plaintiff reasonably relied upon Defendant's statements to his detriment of losing out on the full purchase price of the Ares Armor assets and being subject to a non-compete agreement which significantly limited Plaintiff's ability to find employment after Defendant wrongfully

terminated him. [SAAC ¶ 37, 39, 40, 42, 51, 53, 54.]

Further, the facts Defendant cites from the SAAC regarding his "promises of future conduct that failed to bear fruit" as support for the conflation between reliance by Lycurgan, Inc. vs Plaintiff discuss bank notes and UCC liens. [Def. Memo pg. 5.] Those statements in the SAAC do not relate nor support Defendant's argument regarding Plaintiff's reliance in the transaction regarding the discounted price on the Ares Armor assets. [*See* SAAC ¶ 12-16.] Rather, the cited facts serve to show Defendant failed to make good on his promises to anyone involved in the transaction.

In line with the requirements of section 523(a)(2)(A), Defendant secured money and services from Plaintiff by "false pretenses, a false representation, or actual fraud." Specifically, because of his fraudulent statements and promises, Defendant received benefits of a 1/3 discount on the purchase price of the Ares Armor assets (i.e. money) as well as Plaintiff's services as an employee and the promise to not compete with Defendant. [SAAC ¶ 6, 10, 24, 29, 30, 36, 39, 50, 51, 54.] As such, the facts and allegations regarding *Plaintiff's* reliance relating to the discount are sufficiently supported by facts, and allegations regarding the discount should not be dismissed from the SAAC. Defendant's motion should be denied.

### 2. Count III Regarding Breach of Contract.

Defendant seeks to dismiss the breach of contract allegations because "a mere breach of contract, without more, does not entitle a claimant for relief under § 523(a)(2)(A)." [Def Memo pg. 4, citing Opinion pg. 5.] Indeed, breaches of contract are not nondischargable unless the conduct is coupled with tortious conduct. *Taylor v. Snyder (In re Snyder)* (Bankr. N.D. Ill. 2015) 542 B.R. 429, 438, citing *Kawaauhau v. Geiger* (1998) 523 U.S. 57, 64. Here, whether viewed under the rubric of "false promise", "suppression or concealment of fact", or under the analysis of a wilful and malicious injury according to section 523(a)(6), Plaintiff adequately pled the elements for a finding of nondischargability with regard to Defendant's breach of contract.

"To recover under section 523(a)(2)(A), a creditor must establish that a debtor secured "money, property, services, or an extension, renewal, or refinancing of credit" by "false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A)." *ExpressDrop, Inc. v. Mateyko* (Bankr.N.D.Ill. 2010) 437 B.R. 313, 318. Further, under Section 523(a)(2)(A), the creditor must show that the debtor's fraud was a proximate cause of the damage to the creditor. *Field v. Mans* (1995) 516 U.S. 61, 64 [describing Section 523(a)(2)(A) as an exception to the discharge of debts "resulting from" or "traceable to" fraud.] The SAAC meets the above requirements.

Case 17-00424 Doc 72 Filed 05/15/18 Entered 05/15/18 19:14:49 Desc Main
Document Page 10 of 17

Plaintiff pled that, because of Defendant's false promises and concealment of facts regarding his inability—and lack of intent—to transfer the promised 30% business interest, Plaintiff executed an employment and non-compete agreement in favor of Defendant, among other transactions. [SAAC ¶ 6, 8, 11, 22-59, 61; *see, e.g. Father & Sons Remodelers, Inc. v. Robbins (In re Robbins)* (Bankr.N.D.Ill. Oct. 22, 2001) LEXIS 2224 at *6 (the existence of a contract with another contractor for the same work at the time of the representation constitutes circumstantial evidence of an intent by the Robbins to deceive).]

Here, the existence of Defendant's prior agreement prohibiting him from transferring 30% interest in the company at the time he fraudulently induced Plaintiff to enter into the employment and non-compete agreements should be construed as, at the very least, circumstantial evidence of his intent to deceive Plaintiff, although Plaintiff maintains that Defendant intentionally deceived Plaintiff. [SAAC ¶ 24-31, 34-38, 41.] Indeed, Plaintiff pled that "[t]he non-compete agreement was executed contemporaneously with the fraudulently-induced sale of Lycurgan, Inc.'s Ares Armor business to Defendant" wherein Defendant already knew about the limitations placed on him by his bank's loan. [SAAC ¶ 31, 63.]

For the same reasons discussed above, Defendant obtained money and

17-0424     PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS     10

services from Plaintiff as a result of his fraudulent conduct, and Plaintiff suffered harm as a result. [SAAC ¶ 63-66.] Thus, Plaintiff pled more than "mere" breach of contract in this Count, he pled sufficient accompanying tortious conduct warranting relief under section 523(a)(2)(A).

## B. Third Claim for Relief - Count V: Wrongful Termination - Retaliation

Plaintiff maintains that Defendant was his employer:

> According to his most recent statement of information filed with the California Secretary of State on February 21, 2017, Defendant is the sole director of American Weapons Components, Inc., f/k/a Ares Armor, Inc. Defendant is listed as the CEO and CFO of the company. Other than his wife no longer being listed as an officer, no changes to the corporate structure of Defendant's company are indicated in his corporate filings since October 28, 2014. Defendant has either sole or a significant ownership interest with operational control of significant aspects of the corporation's day-to-day functions, he has the power to hire and fire employees, the power to determine salaries, and the responsibility to maintain employment records.

[SAAC ¶ 124.]

As Plaintiff's employer, Defendant retaliated against Plaintiff by wrongfully terminating him for whistleblowing about Defendant's illegal activities. [SAAC ¶ 4, 124, 125-129.] Despite this, Defendant seeks to dismiss Count V of the Third Claim for Relief, claiming that "California does not recognize" wrongful termination actions "against a supervisor, as opposed to the employer." [Def.

Memo pg. 6-7, citing dicta in *Miklosy v. Regents of Univ. of California* (2008) 44 Cal. 4th 876, 902 fn 8.] However, Defendant provides no counter argument to Plaintiff's contention that:

> Under the Fair Labor Standards Act, Defendant is an "employer" or a "joint employer" with Ares Armor, Inc., as Defendant is an individual who acts, directly or indirectly, in the interest of an employer to any of the employees of such an employer. (29 U.S.C. § 203).

[SAAC ¶ 125.]

Given Defendant's sole, controlling role in Ares Armor, Inc.—with whom Plaintiff accepted employment in reliance on Defendant's false promises discussed herein—as well as the complete lack of any other supervisors, employees, or other individuals to manage Plaintiff and his employment activities with Ares Armor, Inc., Defendant *was* Plaintiff's employer just as much as Ares Armor, Inc. [SAAC ¶ 124-125.] As such, Defendant is liable as an employer for his retaliatory conduct and Plaintiff's wrongful termination.

California Government Code section 12940(h) makes it unlawful for an employer to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding. [SAAC ¶ 128.] Here, Plaintiff emailed Defendant a written complaint on July 7, 2015 and demanded that Defendant stop what Plaintiff reasonably believed to be illegal

activity in violation of California's Stolen Valor Act (Cal. Penal Code § 532b.) [SAAC ¶ 126.] Within an hour of receipt of the email, Defendant locked Plaintiff out of his work email account. [SAAC ¶ 127.] Within twelve hours of receipt of the complaint, Defendant terminated Plaintiff. [SAAC ¶ 128.]

In addition, California Government code section 12940(j)(3) provides for personal liability of an employee of an entity for:

> any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate and appropriate corrective action.

[*Id.*]

As either Plaintiff's "supervisor" or as the only individual running the employer company, Ares Armor, Inc., Defendant was aware that his conduct did not comport with the law. [SAAC ¶ 124-125.]

Section 1102.5 of the California Labor Code makes it unlawful for an employer, or person acting on behalf of the employer, to retaliate against an employee for that employee's report to a person with authority over the employee regarding violations of state or federal statutes, rules, or regulations. Cal. Lab. Code ¶ 1102.5. Specifically:

> An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or

noncompliance with a local, state, or federal rule or regulation. Cal. Lab. Code ¶ 1102.5(c).

Section 1102.5"is a whistleblower statute, the purpose of which is to encourag[e] workplace whistle-blowers to report unlawful acts without fearing retaliation." *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 287.

As stated above, Defendant terminated Plaintiff within hours of receipt of Plaintiff's complaint regarding Defendant's unlawful conduct. [SAAC ¶ 126-127.] Clearly, the termination was motivated by the complaint. [SAAC ¶ 128.] Defendant makes no argument against these facts in his motion to dismiss. Nor does Defendant offer facts to support his claim that he was "merely" Plaintiff's supervisor, let alone any attempt to disclaim his controlling role in Ares Armor, Inc. and the complete control he exercised over Plaintiff's employment, thus rendering him Plaintiff's employer.

Plaintiff has more than met his burden for alleging facts supporting this claim that (1) Defendant was Plaintiff's employer, and (2) that Defendant's retaliatory termination of Plaintiff for whistleblowing regarding Defendant's illegal activities was done in violation of California law. [*See, e.g.* SAAC ¶ 124.] As such, Defendant's motion to dismiss this claim for relief should be denied.

///

### C. Fourth Claim for Relief Under Section 727

Finally, Defendant claims that Plaintiff failed to cure the "defect" in the SACC regarding a claim for relief under section 727(a)(4)(A). [Def. Memo pg. 4-5.] from the First Amended Adversary Complaint, stating that Plaintiff fails to allege "any material regarding the other elements of" the section than a false oath under 727. [Def Memo pg. 4-5.]

Plaintiff clearly pled allegations regarding Defendant's false statements warranting denial of discharge under 727(a) [i.e. 11 U.S.C.S. 1141(d)(3)(C)]:

148. Defendant values all of his business interests at zero or less than $1,000, with the pass-through Lake House Capital Management, LLC (interest valued at $11,746.50) merely holding equity in Defendant's vehicles. [ECF 99 pg. 6-9]. Most of these business, as stated by Defendant, are non-earners. [*Id.*] Most, if not all, of Defendant's businesses lack employees.

149. This is a no-asset case with de-minimis amount of value given to keep Defendant's house.

150. If there is no value in any of Defendant's businesses and other assets, then there is no point in reorganization. If there *is* value, then Defendant must respect the absolute priority rule and give up that value via liquidation. Defendant cannot have it both ways.

[SAAC ¶ 148-150.]

Defendant acknowledges this by stating "the SAC alleges false oaths under 727." [Def Memo pg. 4.] Defendant then argues that because section 1141(d)(3) is not "self-executing," and relies on the Courts ruling regarding the prior adversary

complaint to warrant dismissal herein. [*Id.*] Plaintiff disagrees, contending that he sufficiently alleged facts and arguments supporting denial of discharge as applied to the liquidation of the estate [i.e. SAAC ¶ 150; 11 U.S.C.S. 1141(d)(3)(A).]

## IV.  CONCLUSION

Defendant's motion to dismiss should be denied.

Dated:      May 15, 2018

Respectfully submitted,

**The McMillan Law Firm, APC**
**The Blake Horwitz Law Firm, Ltd.**

/s/ Scott A. McMillan

_____
Scott A. McMillan
Attorneys for Adversary Plaintiff
Dimitri Karras

Scott A. McMillan,
California Bar No. 212506
The McMillan Law Firm, APC
4670 Nebo Drive, Suite 200
La Mesa, CA 91941
Tel (619) 464-1500 x 14
Email: scott@mcmillanlaw.us

Blake Horwitz
Illinois Bar No. 6200803
The Blake Horwitz Law Firm, LTD
111 W. Washington, St. Suite 1611
Chicago, IL 60602
Tel (312) 676-2100
Email: bhorwitz@bhlfattorneys.com

**PROOF OF SERVICE**

I, Scott A. McMillan, certify that: I am admitted to this court, I am over the age of 18 years and not a party to the case; I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 4670 Nebo Drive, Suite 200, La Mesa, California. On May 15, 2018, I caused service of the following document(s):

1. **ADVERSARY PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED ADVERSARY COMPLAINT [ECF 64]**

[X] by transmitting via ECF the document(s) listed above to the counsel for Bryce Stirlen, as follows:

Ariel Weissberg, Esq. (Attorney No. 03125591)
Devvrat Sinha, Esq. (No. 06314007)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, Illinois 60605

Executed May 15, 2018 at the City of La Mesa, County of San Diego, California.

BY: /s/ Scott A. McMillan
Scott A. McMillan, Cal. Bar. No. 212506
Blake Horwitz, IL. Bar No. 6200803
Attorneys for Plaintiff, Dimitri Karras

Scott A. McMillan, PHV
California Bar No. 212506
The McMillan Law Firm, APC
4670 Nebo Drive, Suite 200, La Mesa, CA 91941
Tel (619) 464-1500 x 14 | Email: scott@mcmillanlaw.us

Blake Horwitz, IL No. 6200803
The Blake Horwitz Law Firm, LTD
111 W. Washington, St. Suite 1611, Chicago, IL 60602
Tel (312) 676-2100 | Email: bhorwitz@bhlfattorneys.com